IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERMN DIVISION

| | |
|---|---|
| **CIARA JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | Case No.: |
| ) | Judge: |
| ) | Magistrate Judge: |
| v. ) | |
| ) | **JURY DEMANDED** |
| **DAKKOTA INTEGRATED SYSTEMS, LLC** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

NOW COMES the Plaintiff, Ciara Jackson ("Plaintiff"), by and through her undersigned attorneys, and for her Complaint against Dakkota Integrated Systems, LLC ("Defendant") states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, 28 U.S.C. §1343, 28 U.S.C § 1367, Title VII of the Civil Rights Act 42 U.S.C. § 2000(e) et seq, the Family and Medical Leave Act 29 U.S.C.§ 2601 et seq, and the Illinois Human Rights Act 775 ILCS 5/et seq.

2. Plaintiff has complied will all administrative prerequisites by filing timely Charges of Discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit A.

3. The IDHR and the EEOC have issued Notices of Right to Sue to Plaintiff, attached hereto as Exhibit B.

### Venue

4. This action properly lies in this district pursuant to 28 U.S.C. §1391 because the events giving rise this claim occurred in this judicial district.

**Parties**

5. Plaintiff, Ciara Jackson, ("Plaintiff") is a female formerly employed by Defendant, Dakkota Integrated Systems, LLC.

6. At all times relevant hereto, Plaintiff was an "employee" under the Family and Medical Leave Act ("FMLA"). In the calendar year prior to her exercise of FMLA rights, Plaintiff worked at least 1250 hours and, at all times relevant hereto, suffered a "serious health condition" as defined by the FMLA.

7. Defendant, Dakkota Integrated Systems, LLC ("Defendant") is a corporation organized and existing under the laws of the State of Illinoi and operates its business in Cook County, Illinois.

8. At the time of the incidents claimed herein, Defendant was an "Employer" within the meaning of Section 2-101(B) of the Illinois Human Rights Act, Title VII of the Civil Rights Act, and the FMLA.

**Factual Allegations**

9. Plaintiff was hired by Defendant in or around February 2012 as an Overhead Operator at Defendant's facility located at 12519 South Burley Avenue, Chicago, Illinois 60633.

10. That from approximately May 2012 and continuing until her termination, Plaintiff was subjected to unwelcome sexual advances, sexual comments and other physical and verbal conduct of a sexual nature from her supervisor Jeff Shepherd ("Shepherd"), other supervisors, her co-workers, a human relations manager.

11. That Plaintiff was called "a hoe" on a daily basis.

12. That Plaintiff was subjected to inappropriate and sexual comments about her butt, breasts, and body on a daily basis, including comments such as "Oh, look at her ass," and "she has a big ass" to or about Plaintiff.

13. That throughout her employment, coworkers called Plaintiff "a bitch" and "a motherfucker."

14. That in approximately May 2012, Shepherd began telling other coworkers that he and Plaintiff were having sexual relations.

15. That other coworkers began confronting Plaintiff with these rumors, accusing her of "fucking the supervisor."

16. That Plaintiff opposed Shepherd's sexual advances and harassment and engaged in a protected activity by opposing sexual harassment and Shepherd's request for sexual favors.

17. That because Plaintiff rejected the physical relationship with Shepherd, he did not pay her fully for her hours, unfairly administered discipline, and embarrassed her in front of her coworkers.

18. That in July 2013, Wayne Washington ("Washington"), Plaintiff's human relations manager, sent Plaintiff text messages which said, "Let's have some fun," "I kinda wanna make a porno without the camera," "cumm over," and "send me a pic."

19. That Plaintiff responded to these text messages with "I don't know you" and "I think you have the wrong number," to which Washington replied by sending Plaintiff a picture of himself.

20. That on approximately August 13, 2013, Odell Branch, a team leader, grabbed Plaintiff's arm and made sexual comments to her.

21. That on approximately August 20, 2103, Bernard, a coworker, told Plaintiff to "shake your ass like a saltshaker."

22. That Plaintiff repeatedly complained to Defendant about the sexual harassment directed at her by her co-workers, Defendant's supervisors, and Defendant's human relations manager.

23. That on August 21, 2013, Plaintiff called Defendant's corporate headquarters to make a formal complaint.

24. That on September 4, 2013, Plaintiff filed a charge with the Illinois Department of Human Rights.

25. That on or around September 10, 2013, Plaintiff properly called off work to see her physician regarding treatment for a serious health condition.

26. That Plaintiff's doctor instructed her that she was unable to return to work that day following her appointment.

27. That Plaintiff's doctor provided her with a note saying she was unable to return to work on September 10, 2013, and that she was released to return to work on September 11, 2013.

28. That on September 11, 2013, Plaintiff returned to work and provided Defendant with a copy of the doctor's note returning her to work.

29. That Defendant failed to notify Plaintiff regarding her FMLA eligibility status and rights and responsibilities under the FMLA.

30. That on September 12, 2013, Plaintiff was terminated.

31. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered depression, mental anguish, outrage, anxiety, embarrassment, damage to her reputation, and loss of enjoyment of the ordinary pleasures of life.

**Count I**
**Complaint for Sexual Harassment**

32. The Plaintiff incorporates the proceeding paragraphs 1-31 by reference herein.

33. That Plaintiff was an employee of Defendant.

34. That from approximately May 2012 and continuing through her termination, Plaintiff was subjected to unwelcome sexual advances, sexual comments and other physical and verbal conduct of a sexual nature from Defendant's employees based on her sex, female.

35. That Plaintiff repeatedly complained to Defendant and to her union steward about this harassment.

36. That Defendant failed to respond to its employees' conduct.

37. That Defendant's failure to respond to its employees' misconduct resulted in employees continuously subjecting Plaintiff to sexual harassment that was severe, persistent in nature, unwelcome, extremely offensive, humiliating, and effective in creating a hostile and intimidating work environment for Plaintiff that substantially interfered with her ability to perform her job.

38. That Defendant condoned sexual harassment and failed to maintain a harassment-free work environment by failing to provide adequate training, counseling, discipline, and instructions to its supervisory employees.

39. Plaintiff demands to exercise her right to a jury trial of this matter.

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

> a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
>
> b. Order a permanent injunction prohibiting Defendant from further acts of sexual discrimination and sexual harassment.
>
> c. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.
>
> d. Award Plaintiff a judgment against Defendant for reinstatement, front pay, back pay and other compensatory damages.
>
> e. Award Plaintiff prejudgment interest.
>
> f. Grant judgment against Defendant for punitive damages, as permitted by law, for willful and wanton conduct.
>
> g. Enter an order requiring Defendant to implement effective steps to eliminate sex discrimination and sexual harassment from Defendant's companies.

    h. Grant such other and further relief as this Court deems just and proper.

## Count II
## Gender Discrimination

40.    The Plaintiff incorporates the proceeding paragraphs 1-39 by reference herein.

41.    That Plaintiff's gender is female.

42.    That Plaintiff was an employee of Defendant.

43.    That Plaintiff's job performance met Defendant's legitimate expectations.

44.    That from approximately July 2012 and continuing through her termination, Plaintiff was subjected to degrading and insulting comments and other physical conduct by Defendant's employees based on her sex, female.

45.    That Defendant's male employees were not subjected to degrading and insulting comments and other physical conduct based on their gender.

46.    That Defendant did not terminate any similarly situated male employees for rejection of sexual advances.

47.    Plaintiff demands to exercise her right to a jury trial of this matter.

WHEREFORE, Plaintiff respectfully requests that this Court provide the following equitable and legal remedies for relief:

    a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

    b. Order a permanent injunction prohibiting Defendant from further acts of sexual discrimination, sexual harassment and retaliation.

    c. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

    d. Award Plaintiff a judgment against Defendant for reinstatement, back pay, front pay and other compensatory damages.

    e. Award Plaintiff prejudgment interest.

f. Grant judgment against Defendant for punitive damages, as permitted by law, for willful and wanton conduct.

g. Enter an order requiring Defendant to implement effective steps to eliminate sex discrimination, sexual harassment and retaliation from Defendant's companies.

h. Grant such other and further relief as this Court deems just and proper.

### Count III
### Retaliation

48. The Plaintiff incorporates the proceeding paragraphs 1-47 by reference herein.

49. That Plaintiff's job performance met Defendant's legitimate expectations.

50. That from approximately May 2012 and continuing through her termination, Plaintiff complained to Defendant about the sexual harassment and gender discrimination she was suffering from her co-workers, Defendant's supervisors, and Defendant's human relations manager.

51. That throughout her employment, adverse actions were taken against Plaintiff after she opposed sexual harassment and denied requests for sexual favors.

52. That on August 21, 2013, Plaintiff called Defendant's Corporate hotline to make a complaint about the sexual harassment.

53. That on September 4, 2013, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights.

54. That soon after, on September 12, 2013, Plaintiff was terminated.

55. Defendant's actions as stated herein are adverse employment actions taken against Plaintiff.

56. The aforesaid conduct by Defendant against Plaintiff amounts to retaliation in violation of the law.

57. Similarly situated employees of Defendant who did not complain about sexual harassment and sex discrimination were treated more favorably than Plaintiff.

58. An inference of retaliatory motive is raised due to the fact that Plaintiff's opposition to sexual harassment and sex discrimination and Defendant's retaliatory actions took place in such a short period of time.

59. Defendant's treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's legally protected rights.

60. Defendant's retaliation against Plaintiff adversely affected the terms and conditions of their employment with Defendant.

61. Plaintiff demands to exercise her right to a jury trial of this matter.

WHEREFORE, Plaintiff, respectfully requests this Court to provide the following equitable and legal remedies:

> a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
>
> b. Order a permanent injunction prohibiting Defendant from further acts of sexual discrimination and sexual harassment.
>
> c. Award Plaintiff reinstatement, lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits with applicable prejudgment and statutory interest.
>
> d. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.
>
> e. Award Plaintiff a judgment against Defendant for compensatory damages.
>
> f. Grant judgment against Defendant for punitive damages for willful and wanton conduct.
>
> g. Grant such other and further relief as this Court deems just and proper.

**Count IV**
**Violations of the Family and Medical Leave Act**

62. The Plaintiff incorporates the proceeding paragraphs 1-61 by reference herein.

63. The Family and Medical Leave act, specifically 29 U.S.C. § 2615, makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under [the FMLA]."

64. The Family and Medical Leave act, specifically 29 U.S.C. § 2615, makes it unlawful for an employer to discharge or in any other manner discriminate against any individual for exercising rights under the FMLA.

65. As set forth above, Plaintiff exercised rights under the FMLA

66. By its conduct as alleged herein, Defendant violated the Family and Medical Leave Act, by interfering with, restraining, and/or denying Plaintiff's FMLA rights, and by discrimination and retaliating against Plaintiff for attempting to exercise her rights.

67. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights under the FMLA.

68. Plaintiff demands to exercise her right to a jury trial of this matter.

WHEREFORE, Plaintiff respectfully requests that this Court find in her favor on and against Defendant on Count IV as follows:

   a. Declare that Defendant's conduct is in violation of the Family and Medical Leave Act;
   b. Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;
   c. Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent retaliation;
   d. Award Plaintiff the value of all compensation lost and benefits lost as a result of Defendant's unlawful conduct;

  e. Award Plaintiff the value of compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

  f. Award Plaintiff liquidated damages;

  g. Award Plaintiff reasonable attorney's fees, costs and disbursements; and

  h. Award Plaintiff any and all other relief as is appropriate and just in the premises.

            Respectfully Submitted,
            Ciara Jackson


            By: /s/ Jacob Shorr
            One of Her Attorneys

Uche O. Asonye – 6209522
Jacob Shorr - 6300859
Asonye & Associates
100 North LaSalle Street
Suite 2115
Chicago, Illinois 60602
312.795.9110
312.795.9114 (Fax)
jshorr@aa-law.com