UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIARA JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-06384 |
| | ) |
| DAKKOTA INTEGRATED SYSTEMS, LLC, | ) Judge John W. Darrah |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ciara Jackson has filed this action against Defendant Dakkota Integrated Systems, LLC, alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*; and the Illinois Human Rights Act, 775 ILCS 5/1 *et seq*. Defendant has moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's FMLA claim, as contained in Count IV of the Complaint. For the reasons discussed below, Defendant's Motion is granted.

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Plaintiff was hired by Defendant to work as an Overhead Operator on or about February 2012. (Compl. ¶ 9.) From May 2012 until she was terminated in September 2013, Plaintiff was subject to unwelcome sexual advances, sexual comments, and other physical and verbal conduct of a sexual nature from her supervisor, other supervisors, her co-workers, and a human relations manager. (*Id.* ¶¶ 10-21.) Plaintiff repeatedly complained to Defendant about the sexual harassment directed at her. (*Id.* ¶ 22.)

On August 21, 2013, Plaintiff called Defendant's corporate headquarters to make a formal complaint. (*Id.* ¶ 23.) On September 4, 2013, Plaintiff filed a charge with the Illinois Department of Human Rights. (*Id.* ¶ 24.) Defendant failed to respond to its employees' conduct. (*Id.* ¶ 36.)

On or around September 10, 2013, Plaintiff called off work to see her physician regarding treatment for a serious health condition. (*Id.* ¶ 25.) Plaintiff's physician instructed her that she was unable to return to work on September 10, 2013, and provided her with a note saying that she was released to return to work on September 11, 2013. (*Id.* ¶¶ 26-27.) On September 11, 2013, Plaintiff returned to work and provided Defendant with a copy of the doctor's note. Defendant failed to notify Plaintiff of her FMLA eligibility status and rights and responsibilities under the FMLA. (*Id.* ¶¶ 28-29.) On September 12, 2013, Plaintiff was terminated. (*Id.* ¶ 30.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

**ANALYSIS**

In Count IV, Plaintiff asserts that Defendant violated the FMLA by interfering with Plaintiff's FMLA rights and by retaliating against her for attempting to exercise those rights. Defendant argues that Plaintiff has failed to state a claim for either inference or retaliation under the FMLA because Plaintiff has failed to plead facts sufficient to show she has a serious health condition or that she put Defendant on notice that she intended to take FMLA leave.

The FMLA provides that an eligible employee can take up to twelve weeks of unpaid leave each year for specific reasons, including "a serious health condition." 29 U.S.C. § 2612(a)(1)(D). Upon return from FMLA leave, an employee is entitled to be restored "to the position of employment held . . . when the leave commenced" or "to an equivalent position." 29 U.S.C. § 2614(a)(1)(A)-(B). The FMLA prohibits an employer from interfering with or retaliating against an employee's exercise of her FMLA rights. 29 U.S.C. § 2615(a)-(b); *Burnett v. LFW, Inc.*, 472 F.3d 471, 477 (7th Cir. 2006).

*FMLA Interference Claim*

To state a claim for FMLA interference, a plaintiff must allege:

> (1) she was eligible for FMLA protection; (2) her employer was covered by the FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her benefits to which she was entitled.

*Brown v. Auto. Components Holdings, LLC*, 622 F.3d 685, 689 (7th Cir. 2010) (citing *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009)).

Here, Plaintiff has not stated an FMLA interference claim because she has not sufficiently pled a serious health condition that would entitle her to FMLA leave. Under the FMLA, a "serious health condition" is defined as "an illness, injury, impairment, or physical or

mental condition that involves -- (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). "Continuing treatment" generally involves conditions that require treatment over time, including conditions that result in incapacity of more than three days; pregnancy; chronic conditions, such as Alzheimer's, a severe stroke, or the terminal stages of a disease; and conditions requiring multiple treatments, such as cancer. 29 C.F.R. § 825.115.

In her Complaint, Plaintiff makes one, bare-bones allegation involving her health: that she "called off work to see her physician regarding treatment for a serious health condition." (Compl. ¶ 25.) She makes no allegations about her condition. Tellingly, in her Response brief, Plaintiff includes additional facts about her health condition. However, those facts are not alleged in her Complaint and cannot be considered in evaluating Defendant's Motion.

Plaintiff also has not alleged sufficient facts that she provided Defendant with notice of her intent to take FMLA leave. Instead, she alleges only that she provided Defendant with a note from her doctor that: (1) excused her single day of absence on September 10, 2013, and (2) stated Plaintiff could return to work on September 11, 2013. (Compl. ¶¶ 27-28.) Although an employee is not required to specifically reference the FMLA, the employee must alert her employer to the seriousness of her health condition; taking a sick day is not sufficient. *De la Rama v. Illinois Dep't of Human Servs.*, 541 F.3d 681, 687 (7th Cir. 2008) ("The FMLA does not require employers to play Sherlock Holmes, scanning an employee's work history for clues as to the undisclosed, true reason for an employee's absence."); *see also* 29 C.F.R. § 825.303(b) ("An employee shall provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request."). At most, Plaintiff's allegations suggest that Plaintiff informed Defendant that she had missed one day of work to see her doctor.

4

Plaintiff has failed to sufficiently allege that she was entitled to FMLA leave for a serious health condition or that she provided Defendant with notice of her intent to take FMLA leave. Accordingly, Plaintiff has failed to state an FMLA interference claim.

*FMLA Retaliation Claim*

The difference between an FMLA retaliation claim and an interference claim is that the former "requires proof of discriminatory or retaliatory intent," while the latter "requires only proof that the employer denied the employee his or her entitlements under the Act." *Goelzer v. Sheboygan Cnty., Wis.*, 604 F.3d 987, 995 (7th Cir. 2010) (internal citations and quotations omitted). A plaintiff can pursue an FMLA retaliation claim under the direct or indirect method. *Burnett*, 472 F.3d at 481. To state a claim under the direct method, a plaintiff must allege that: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action by her employer; and (3) a causal link between the protected activity and the adverse action. *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011).

In this case, Plaintiff has failed to allege any facts that would support that Defendant retaliated against her for exercising her rights under the FMLA. As discussed above, Plaintiff has failed to sufficiently allege that she was entitled to FMLA leave or that she provided Defendant notice of her intent to take FMLA leave. Accordingly, Plaintiff has not alleged that she "engaged in a statutorily protected activity." Likewise, Plaintiff has failed to allege a causal connection between the protected activity and Defendant's termination of her employment. *See, e.g., Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 837 F. Supp. 2d 834, 838 (N.D. Ill. 2011) (dismissing FMLA retaliation claim where plaintiff alleged no facts that Defendant terminated him because he took leave under the FMLA).

Plaintiff has failed to state a claim for FMLA interference or retaliation. Therefore,

Count IV of the Complaint is dismissed.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [9] is granted. Count IV of the Complaint is dismissed without prejudice. Plaintiff is granted leave to amend her Complaint, if she can do so pursuant to Rule 11, within thirty days of this Order.

Date: March 10, 2015

JOHN W. DARRAH
United States District Court Judge